IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALYSSA CARTON,

       Plaintiff,

v.                                                    CIV 17-0037 KG/SCY

CARROLL VENTURES, INC.,

       Defendant.

## AMENDED ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motions") filed in the following cases:

| | |
|---|---|
| 1:17-cv-00037-KG-SCY | Carton v. Carroll Ventures Inc. |
| 1:17-cv-00038-KBM-WPL | Carton v. Cole MT Albuquerque (San Mateo) NM LLC |
| 1:17-cv-00039-SCY-LF | Carton v. Courtyard NM LLC |
| 1:17-cv-00040-KK-SCY | Carton v. HDY LLC |
| 1:17-cv-00041-SCY-WPL | Carton v. Roshni |
| 1:17-cv-00042-SCY-WPL | Carton v. Karasek, et al. |
| 1:17-cv-00043-SCY-KBM | Carton v. Laxmi Management LLC |
| 1:17-cv-00044-LF-KK | Carton v. LBC Company, LLC |
| 1:17-cv-00045-KBM-LF | Carton v. Mega Pie, LLC |
| 1:17-cv-00046-SCY-KBM | Carton v. San Mateo/Indian School, Inc. |
| 1:17-cv-00047-KK-WPL | Carton v. Spilca Nicolae & Mariana |
| 1:17-cv-00048-WPL-SCY | Carton v. Spirit Master Funding, LLC |
| 1:17-cv-00049-KK-KBM | Carton v. TMX 5200 Central LLC |
| 1:17-cv-00057-WPL-KK | Carton v. 6501 Lomas LLC |
| 1:17-cv-00058-SCY-KK | Carton v. Autozone Stores LLC |
| 1:17-cv-00059-WPL-KBM | Carton v. Bio-Medical Applications of N.M., Inc. |

| | |
|---|---|
| 1:17-cv-00060-KK-WPL | Carton v. Blakes Lotaburger, LLC |
| 1:17-cv-00061-KBM-LF | Carton v. Cimarron Holdings, LLC |
| 1:17-cv-00063-WPL-SCY | Carton v. Cole AB Albuquerque NM, LLC |
| 1:17-cv-00064-LF-WPL | Carton v. Cox and Allen, LLC |
| 1:17-cv-00065-GBW-KK | Carton v. Diamond Shamrock Stations, Inc. |
| 1:17-cv-00066-KK-KBM | Carton v. East Lomas, Partnership |
| 1:17-cv-00067-KK-KBM | Carton v. El Mirador, Inc. |
| 1:17-cv-00068-KK-LF | Carton v. ESS WCOT Owner, LLC |
| 1:17-cv-00069-LF-KK | Carton v. Goatcher Family, LTD |
| 1:17-cv-00070-WPL-KK | Carton v. Marky, et al |
| 1:17-cv-00071-SCY-LAM | Carton v. Lunnon Properties, LLC |
| 1:17-cv-00073-WPL-SCY | Carton v. Market Center East Retail Property, Inc. |
| 1:17-cv-00074-WPL-SCY | Carton v. McDonald's Corporation |
| 1:17-cv-00075-WPL-CG | Carton v. Miller Family Real Estate, LLC |
| 1:17-cv-00076-LF-WPL | Carton v. MVD Specialists, LLC |
| 1:17-cv-00077-KK-WPL | Carton v. Pacific Realty, CO |
| 1:17-cv-00078-WPL-LF | Carton v. Q Market Center, LLC |
| 1:17-cv-00080-LF-KK | Carton v. Realty Income, Corporation |
| 1:17-cv-00082-KK-KBM | Carton v. Brunetto et al |
| 1:17-cv-00083-LF-WPL | Carton v. Southwest Capital Projects, LLC |
| 1:17-cv-00084-SCY-KBM | Carton v. Westland Properties, LLC |
| 1:17-cv-00085-GJF-KBM | Carton v. Zia Trust, Inc. |
| 1:17-cv-00210-SCY-WPL | Carton v. Aryavart, Inc. |
| 1:17-cv-00211-WPL-GJF | Carton v. Autozone Stores, LLC |
| 1:17-cv-00213-KBM-KK | Carton v. Blakes Lotaburger, LLC |
| 1:17-cv-00214-SCY-KBM | Carton v. C & H San Marcos Center Corp |
| 1:17-cv-00215-KK-KBM | Carton v. Circle K Stores, Inc. |
| 1:17-cv-00218-KBM-LF | Carton v. Circle K Stores, Inc. |
| 1:17-cv-00219-KK-GBW | Carton v. ECP-PF: NM Operations, Inc. |
| 1:17-cv-00220-SCY-KBM | Carton v. Goatcher Family, LTD |
| 1:17-cv-00222-KK-SCY | Carton v. LNU, et al. |

| | |
|---|---|
| 1:17-cv-00223-SCY-KK | Carton v. M & S Properties, LLC |
| 1:17-cv-00224-KK-LF | Carton v. Medlock-New Mexico Properties, LLC |
| 1:17-cv-00225-KBM-KK | Carton v. Ling, et al. |
| 1:17-cv-00226-KK-WPL | Carton v. Brown, et al |
| 1:17-cv-00227-KBM-WPL | Carton v. Tachung Investment Company |
| 1:17-cv-00228-LF-KK | Carton v. Up Your Alley, LLC |
| 1:17-cv-00229-KK-KBM | Carton v. Wells Fargo Bank New Mexico N A |
| 1:17-cv-00293-SCY-WPL | Carton v. 9613, LLC |
| 1:17-cv-00294-SCY-LF | Carton v. Albertson's LLC |
| 1:17-cv-00295-LF-KBM | Carton v. Amerco Real Estate Company |
| 1:17-cv-00296-LF-CG | Carton v. Blake's Lotaburger, LLC |
| 1:17-cv-00297-SCY-KK | Carton v. Conquistadores, Inc. |
| 1:17-cv-00298-SCY-KK | Carton v. D.W. Investments, Inc. |
| 1:17-cv-00299-LF-SCY | Carton v. LNU et al |
| 1:17-cv-00300-KK-WPL | Carton v. Zhao et al |
| 1:17-cv-00301-KK-WPL | Carton v. Eubank 3801, LLC |
| 1:17-cv-00302-KBM-KK | Carton v. Family Medicine, P.C. |
| 1:17-cv-00303-LF-KBM | Carton v. Fu Yuang, LLC |
| 1:17-cv-00304-LF-CG | Carton v. LNU, et al. |
| 1:17-cv-00305-KK-SCY | Carton v. LNU |
| 1:17-cv-00306-KK-KBM | Carton v. LNU |
| 1:17-cv-00307-KBM-SCY | Carton v. LNU, et al. |
| 1:17-cv-00308-KK-KBM | Carton v. Masada Limited Company |
| 1:17-cv-00309-GJF-LF | Carton v. Palo Alto, Inc. |
| 1:17-cv-00310-LF-KBM | Carton v. Quality Jeep Limited Partnership |
| 1:17-cv-00311-SMV-KK | Carton v. Scottsdale Village, LLC |
| 1:17-cv-00312-SCY-LF | Carton v. Smiles for New Mexico Kids P.C. |
| 1:17-cv-00313-LF-WPL | Carton v. Starbucks Coffee Company |
| 1:17-cv-00314-CG-SCY | Carton v. Trimari Holdings, LLC |
| 1:17-cv-00315-KK-KBM | Carton v. U.S. Bank National Association |

Plaintiff is proceeding *in forma pauperis* in all but two of the cases listed above.[1]  The statute governing proceedings *in forma pauperis* states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

The Court has reviewed the Complaints in the cases listed above pursuant to Section 1915(e)(2).  The Complaints, which are structurally identical, allege that Defendants have discriminated against Plaintiff in that they have failed to make their places of public accommodation fully accessible to, and independently usable by, individuals who are disabled. It appears that Plaintiff is alleging two general types of discrimination.  One is the failure to remove architectural barriers in existing facilities, where such removal is readily achievable.[2]

---

[1] The Court denied Plaintiff's IFP motions in 1:17-cv-00037-KK-SCY Carton v. Carroll Ventures, Inc. and 1:17-cv-00210-SCY-WPL Carton v. Aryavart, Inc.

[2] Plaintiff cites 42 U.S.C. § 12182(a) of the ADA which states "No individual shall be discriminated against on the basis of disability . . . ."

> For purposes of subsection (a) of this section, discrimination includes--
>
> **(iv)** a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable; and
>
> **(v)** where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

42 U.S.C. § 12182(b)(2).

> The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is

The second is the failure to construct, after January 1993, facilities that are readily accessible to and usable by individuals with disabilities, or the failure to make alterations, after January 1992, in such a manner that the altered portions of the facility are readily accessible to and usable by individuals with disabilities.[3]

---

    readily achievable, factors to be considered include—

**(A)**    the nature and cost of the action needed under this chapter;

**(B)**    the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

**(C)**    the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

**(D)**    the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

[3]    Except as provided in subsection (b) of this section, as applied to public accommodations and commercial facilities, discrimination for purposes of section 12182(a) of this title includes—

**(1)** a failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations issued under this subchapter; and

**(2)** with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or

could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

ADA, 42 U.S.C. § 12183

(a) General.
(1) Except as provided in paragraphs (b) and (c) of this section, discrimination for purposes of this part includes a failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities.

28 C.F.R. 36.401

(a) General.
(1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

(b) Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
(1) Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions. Normal maintenance, reroofing, painting or wallpapering, asbestos removal, or changes to mechanical and electrical systems are not alterations unless they affect the usability of the building or facility.

28 C.F.R. 36.402

Plaintiff cites Appendix B of 36 C.F.R. 1191 which states:

**APPENDIX B TO PART 1191—AMERICANS WITH DISABILITIES ACT: SCOPING**
ADA CHAPTER 1: APPLICATION AND ADMINISTRATION
101 Purpose
101.1 General. This document contains scoping and technical requirements for

The Complaints allege violations of ADA regulations, but those regulations appear to apply only to facilities constructed after January 1993 or to the altered portions of facilities altered after January 1992, but not to facilities that were constructed before January 1993 and which were not altered after January 1992.[4] Many of those Complaints appear to fail to state a

---

accessibility to sites, facilities, buildings, and elements by individuals with disabilities. The requirements are to be applied during the design, construction, additions to, and alteration of sites, facilities, buildings, and elements to the extent required by regulations issued by Federal agencies under the Americans with Disabilities Act of 1990 (ADA).
101.2 Effect on Removal of Barriers in Existing Facilities. This document does not address existing facilities unless altered at the discretion of a covered entity. The Department of Justice has authority over existing facilities that are subject to the requirement for removal of barriers under title III of the ADA. Any determination that this document applies to existing facilities subject to the barrier removal requirement is solely within the discretion of the Department of Justice and is effective only to the extent required by regulations issued by the Department of Justice.

Plaintiff also cites Appendix D of 28 C.F.R. 36 which states:

This document sets guielines for accessibility to places of public accommodation and commercial facilites by individual with disabilites.  These guidelines are to be applied during the design, construction, and alteration of such buildings and facilities to the extent required by regulations issued by Federal agencies, including the Department of Justice, under the Americans with Disabilities Act of 1990.

[4] Plaintiff cites Appendix B of 36 C.F.R. 1191 which states:

**APPENDIX B TO PART 1191—AMERICANS WITH DISABILITIES ACT: SCOPING**
ADA CHAPTER 1: APPLICATION AND ADMINISTRATION
101 Purpose
101.1 General. This document contains scoping and technical requirements for accessibility to sites, facilities, buildings, and elements by individuals with disabilities. The requirements are to be applied during the design, construction, additions to, and alteration of sites, facilities, buildings, and elements to the extent required by regulations issued by Federal agencies under the Americans with Disabilities Act of 1990 (ADA).
101.2 Effect on Removal of Barriers in Existing Facilities. This document does not address existing facilities unless altered at the discretion of a covered entity.

claim because they do not contain any allegations when the subject facility was constructed or altered and do not allege any violations due to architectural barriers.

For example, the complaint in 17cv309 GJF/LF, *Carton v. Palo Alto, Inc.*, makes the conclusory allegation that "Defendant's architectural barriers at its [place of public accommodation] constitute discrimination against Plaintiff," but does not identify any architectural barriers. Complaint at 8. The only specific violation identified was "Failure to provide accessible parking space identification signs 60 inches (1525 mm) above the finish floor or ground surface as required by 36 C.F.R.Part 1191, Appendix D, Guideline 502.6." Complaint at 7. It is not clear how the absence of a sign constitutes an architectural barrier to full accessibility and use of the facility by disabled individuals. While facilities constructed after January 1993 and facilities altered after January 1992 may be required to post such signs, there are no allegations that Defendant's facility was constructed after January 1993 or altered after January 1992.

**IT IS ORDERED** that Plaintiff shall, within 14 days of entry of this Order, show cause why each case should not be dismissed for failure to state a claim. Failure to timely show cause

---

> The Department of Justice has authority over existing facilities that are subject to the requirement for removal of barriers under title III of the ADA. Any determination that this document applies to existing facilities subject to the barrier removal requirement is solely within the discretion of the Department of Justice and is effective only to the extent required by regulations issued by the Department of Justice.

Plaintiff also cites Appendix D of 28 C.F.R. 36 which states:

> This document sets guidelines for accessibility to places of public accommodation and commercial facilites by individual with disabilities. These guidelines are to be applied during the design, construction, and alteration of such buildings and facilities to the extent required by regulations issued by Federal agencies, including the Department of Justice, under the Americans with Disabilities Act of 1990.

may result in dismissal of the case without prejudice.

**IT IS ALSO ORDERED** that the referred Magistrate Judges in each case shall stay discovery until further order of the Chief United States District Judge for the District of New Mexico.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file this Order in each of the cases listed on the first three pages of this Order.

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**